IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-28-D

CONSTANTINO SANCHEZ-RODRIGUEZ, )
JOSÉ ALBERTO AGUILERA-HERNANDEZ, )
ULISES EDGARDO CRUZ-GONZALEZ, )
ESMITH GONZALEZ-RODRIGUEZ, )
VALENTIN ALVARADO-HERNANDEZ, )
DANIEL RODRIGUEZ-GARCIA, and )
ESDRAS SAHI MENDIOLA-BORDES, on )
behalf of themselves and all other similarly )
situated persons, )
)
              Plaintiffs, )      **ORDER**
)
                v. )
)
JACKSON'S FARMING COMPANY OF )
AUTRYVILLE a/k/a JACKSON'S FARMING )
COMPANY OF AUTRYVILLE, )
WILLIAM BRENT JACKSON, and )
WILLIAM RODNEY JACKSON, )
)
              Defendants. )

On January 18, 2017, the parties filed a joint motion for class certification [D.E. 37]. As explained below, the motion is granted.

I.

This lawsuit concerns collective and class action claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1, et seq., and the North Carolina common law of contracts. Plaintiffs are migrant agricultural workers who worked for defendants, a farm and its individual officers or owners, pursuant to the H-2A guest worker program, in and around Sampson County, North Carolina. The FLSA collective claim, along with the first NCWHA class claim, seeks payment of

back wages and liquidated damages based upon defendants' alleged failure to timely pay the class members the named plaintiffs seek to represent weekly wages that were at least the minimum wage rate required by 29 U.S.C. § 206(a). The second NCWHA class claim seeks back wages and liquidated damages based upon the alleged failure of defendants to pay all wages when due at the wage rate that was disclosed to all named plaintiffs, except Aguilera-Hernandez, and the class members they seek to represent for all hours worked for those workweeks in which they performed piece work for defendants. The third NCWHA class claim seeks back wages and liquidated damages based upon the alleged failure to pay the named plaintiffs and the class they seek to represent for travel time "all in a day's work." Finally, the "Contract Class" claim seeks back wages for the alleged failure to pay the named plaintiffs and the class they seek to represent all wages due at the adverse effect wage rate ("AEWR") or contract rate to which plaintiffs were entitled as a condition of their employment. Defendants deny liability for all claims.

The parties have negotiated a settlement agreement in this action that includes class-wide relief. For settlement purposes only, defendants consent to and join in the joint motion for class certification pursuant to the settlement agreement reached between the parties, which is the result of a compromise to resolve the disputes between them and does not constitute an admission of any liability by any party.

The parties' settlement calls for the certification of a class, pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b). The class is defined as follows:

> All migrant or seasonal agricultural workers who performed temporary or seasonal work in agriculture under the H-2A guest worker program for Jackson Farming Company of Autryville, William Brent Jackson, or William Rodney Jackson at any time during calendar years 2015 and through September 28, 2016.

Accordingly, pursuant to the settlement agreement, the parties now seek to certify a class under the

NCWHA for underpaid wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.22(a) and 95-25.22(a1) and Rule 23(b)(3).

## II.

When a settlement is reached before Rule 23 certification, the law permits a class to be certified solely for settlement purposes. Covarrubias v. Capt. Charlie's Seafood, Inc., No. 2:10-CV-10-F, 2011 WL 2690531, at *2 (E.D.N.C. July 6, 2011) (unpublished). The parties seeking class certification still must meet the four prerequisites of Rule 23(a)(1)-(4) and then must establish that they constitute a proper class of at least one of the types described in Rule 23(b)(1)-(3). Nonetheless, courts need not inquire whether the class will be manageable at trial because settlement makes a trial unnecessary. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997).

The court must make two initial findings before determining whether to certify a class action: that a precisely defined class exists, and that the class representative is a member of the proposed class. Haywood v. Barnes, 109 F.R.D. 568, 576 (E.D.N.C. 1986); see E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977).

Here, the proposed class is defined as all migrant or seasonal agricultural workers who performed temporary or seasonal work in agriculture under the H-2A guest worker program for Jackson's Farming Company of Autryville, William Brent Jackson, or William Rodney Jackson at any time during calendar years 2015 and through September 28, 2016, and is, therefore, sufficiently precise. Haywood, 109 F.R.D. at 576. Plaintiffs worked for defendants as temporary or seasonal agricultural workers during the relevant time period. Therefore, they are members of the class they seek to represent.

A trial court may certify a class under Rule 23 if it is satisfied that the prerequisites of Rule 23(a) have been satisfied. See Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 161 (1982).

3

However, the trial court does not examine the merits of the underlying claims when it decides a motion for class certification. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177–78 (1974).

Courts should "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application which will in the particular case best serve the ends of justice for the affected parties and ... promote judicial efficiency." Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 424 (4th Cir. 2003) (quotations omitted) (omission in original); In re A.H. Robins, 880 F.2d 709, 740 (4th Cir. 1989); see Kidwell v. Transportation Commc'ns Int'l Union, 946 F.2d 283, 305 (4th Cir. 1991); Rodger v. Elec. Data Sys. Corp., 160 F.R.D. 532, 535 (E.D.N.C. 1995).

The numerosity requirement of Rule 23(a)(1) mandates that the class be "so numerous that joinder of all members is impracticable." There is no set number of members necessary for class certification and the decision to certify or not certify a class must be based upon the particular facts of each case. See Rodger, 160 F.R.D. at 535–37; Haywood, 109 F.R.D. at 576–77.

The proposed class includes approximately 135 individuals who worked for defendants during the relevant time period. Although there are a sufficient number of putative class members to establish numerosity, the putative class members are geographically dispersed, lack sophistication, and are non-English speaking migrant workers. These additional factors make joinder impracticable. See, e.g., Gaxiola v. Williams Seafood of Arapahoe, Inc., 776 F. Supp. 2d 117, 130 (E.D.N.C. 2011). Thus, because the number of class members is sufficient and the circumstances do not make joinder a practical alternative, the class meets the Rule 23(a)(1) standard for numerosity.

Under the "commonality" requirements of Rule 23(a)(2), at least one common question of law or fact must exist among class members. See Haywood, 109 F.R.D. at 577–78. It is not necessary, however, that all of the questions of law or fact in a case be common to all putative class members, but only that "a single common question ... exist[s]." Rodger, 160 F.R.D. at 537.

4

"Indeed, a single common question is sufficient to satisfy the rule." Haywood, 109 F.R.D. at 577.

Here, the named plaintiffs and the other putative class members share common questions of law or fact, including: (a) whether defendants failed to timely pay the class members weekly wages that were at least the minimum wage rate required by 29 U.S.C. § 206(a); (b) whether defendants failed to pay all wages when due at the wage rate that was disclosed to all named plaintiffs, except Aguilera-Hernandez, and the class members they seek to represent for all hours worked for those workweeks in which they performed piece work for defendants; (c) whether defendants failed to pay for travel time "all in a day's work"; and (d) whether defendants failed to pay all wages due at the AEWR or contract rate to which plaintiffs were entitled as a condition of their employment. Therefore, the commonality requirement is satisfied.

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Haywood, 109 F.R.D. at 578. "The claim of a party is typical if it arises from the same event or course of conduct which gives rise to the claims of other class members and is based on the same legal theory." Id. "[T]he commonality and typicality requirements tend to merge" in that "[b]oth serve as guideposts for determining whether under particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim[s] and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Falcon, 457 U.S. at 157 n.13. The typicality requirement does not require that all of the putative class members share identical claims. Rodger, 160 F.R.D. at 538. The prerequisites are only that plaintiffs' claims be common, and that class representatives "not have an interest that is antagonistic to that of the class members." Id.

The facts alleged in the second amended complaint meet the requirements of Rule 23(a)(3) with respect to the proposed class. [D.E. 33] 5–24 (¶¶ 10–59). The named plaintiffs' claims and the

5

claims of the putative class members arise from the same alleged practices and course of conduct by defendants. Id. 5–6 (¶¶ 10–13), 9–24 (¶¶ 23–59). The named plaintiffs and the putative class members were all employees of defendants and were all paid on a substantially similar basis when they performed similar work. Id. 5–8 (¶¶ 10–20). Likewise, the claims of the named plaintiffs and putative class members are based on the same legal theories. Id. 53–58 (¶¶ 147–165). Therefore, the claims of the proposed class representatives are "typical" of the claims of the class members they seek to represent and present common questions of law and fact. Id. 12–13 (¶¶ 31–32), 18–19 (¶¶ 47–48), 21–22 (¶¶ 55–56), 39–40 (¶¶105–106).

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This is a two-part inquiry to determine: (1) whether the class representatives' claims are sufficiently interrelated to and not antagonistic with the class claims, and (2) that legal counsel is qualified, experienced, and generally able to conduct the litigation. Rodger, 160 F.R.D. at 539; Haywood, 109 F.R.D. at 578. These requirements are met.

The named plaintiffs share a common interest with class members in the litigation and possess a personal financial stake in the outcome of this litigation. In addition, according to the declaration of class counsel submitted with the joint memorandum filed in support of class certification, they have consulted regularly with class counsel and personally participated in a lengthy mediation to resolve these claims. Robert Willis, counsel for the named plaintiffs, is an experienced counsel who regularly has been counsel in class action litigation, including class litigation involving claims that are materially similar to those asserted in this case.

Class certification under Rule 23(b)(3) requires that common issues of law or fact predominate over individual issues and that the class action be the superior method of dealing with the dispute. The factors used to make this determination are: "(A) the class members' interests in

6

individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3); see Haywood, 109 F.R.D. at 580–84, 592–93.

The proposed class satisfies the requirements of Rule 23(b)(3). See Rossini v. Ogilvy & Mather, Inc., 798 F.2d 590, 598 (2d Cir. 1986). Based on the allegations in the second amended complaint, certification of the class is appropriate under Rule 23(b)(3). See [D.E. 33] 13–14 (¶ 35), 16–17 (¶ 43), 19–20 (¶ 51), and 23–24 (¶ 59). The legal and factual issues described in the second amended complaint predominate over any individual issues of law and fact for any named plaintiff or class member. Id.

Class treatment of the legal issues identified in this case would also be superior to other procedures for handling the claims in question for numerous reasons. No member of the proposed class has any necessary interest in individually controlling the prosecution of the claims at issue in this litigation. "Additionally, because of the relatively small amount of the wage claims in this case, no individual class member could have any reasonable financial capability to pursue this litigation on an individual basis." Gaxiola, 776 F. Supp. 2d at 131.

The court thoroughly discussed the applicable legal standard for evaluating the "similarly situated" requirement under 29 U.S.C. §216(b) in Jimenez-Orozco v. Baker Roofing Co., No. 5:05-CV-34-FL, 2007 WL 4568972, at *6–7 (E.D.N.C. Dec. 21, 2007) (unpublished). When those standards are applied to this case, the named plaintiffs have met them. As noted, the named plaintiffs' claims and the claims of the putative class members arise from the same alleged practices and course of conduct by defendants during the relevant time period. The named plaintiffs and the

7

putative class members were all employees of defendants and were all paid on a substantially similar basis when they performed similar work.

### III.

In sum, the parties' joint motion for class certification [D.E. 37] is GRANTED.

SO ORDERED. This 27 day of January 2017.

JAMES C. DEVER III
Chief United States District Judge